## ~~CONFIDENTIAL~~ SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("**Release**") is made and entered into by and between Aaron Thrasher ("**Thrasher**") and Carvana, LLC ("**Carvana**" or the "**Company**") (Thrasher and Carvana are collectively referred to as the "**Parties**" and separately as a "**Party**"). This Release is intended to settle and dispose of all liability, rights, claims, demands, actions or causes of action that Thrasher may have against Carvana and/or its current or former owners/members/shareholders, principals, parent companies, subsidiaries, affiliated companies, divisions, directors, officers, employees, staff, agents, contractors, assigns, affiliates, attorneys, predecessors, successors, indemnitors, insurers, and all those for whom the above referenced parties may have legal responsibility (collectively referred to as the "**Released Parties**").

### RECITALS

A. Thrasher was employed by Carvana from December 16, 2019 through April 3, 2020. Carvana has offered Thrasher severance pay to assist with transition in exchange for a general release of all claims and obligations.

B. In consideration of the payment of the Settlement Amount (defined below), the Parties agree that it is in their respective best interests to amicably resolve all disputes, matters and/or claims that Thrasher may have against the Company or the Released Parties (which specifically includes Carvana), including but not limited to those that arise from or are in any way related to Thrasher's employment with the Company, the conclusion of the employment relationship, or Thrasher's relationship or interactions with the Released Parties, without any Party admitting any liability or wrongdoing. By entering this Release, the Parties agree to be legally bound by the terms set forth below.

### COVENANTS

NOW, THEREFORE, IN CONSIDERATION of the covenants, agreements, recitals and promises provided and identified herein, the sufficiency of which is expressly acknowledged, the Parties agree as follows:

1. **Settlement.** Provided that Thrasher signs and complies with this Release, Carvana agrees to pay to Thrasher the sum of **$4000** minus lawfully required withholdings and deductions reported as wages reported on IRS Tax Form W-2 (the "Settlement"). The Settlement is deemed received by Thrasher as of the date of the direct deposit.

    (a) Thrasher acknowledges and agrees that he would not otherwise have been entitled to the Settlement had he not elected to sign this Release. Carvana's payment of the Settlement is not required by any agreement and is not required by any of Carvana's policies or procedures or by any act or omission of Carvana or any of the Released Parties.

    (b) Thrasher acknowledges that he has been paid all of his salary, wages, bonuses, accrued vacation and paid time off (if applicable), commissions, referral fees, penalties, benefits, or any other monies owed by or from any of the Released Parties, he is owed (and shall be owed in the future) nothing further from any of the

_AT_; Employee's Initials

Released Parties, and the Settlement represents valuable consideration for this Release that he was not otherwise entitled to receive.

(c) Thrasher agrees that he is responsible for all tax payments owed by him, except for any withholdings or deductions made by Carvana. Thrasher agrees to indemnify and hold harmless the Released Parties for any taxes owed, including penalties assessed by any taxing authority based upon the tax treatment of these amounts, and agrees to immediately reimburse the Company if any tax payments are ultimately sought and/or owed related to this Release.

2. **Thrasher's Release.** In consideration of the covenants set forth herein:

(a) Thrasher, on behalf of himself, his marital community, if any, and his heirs and assigns, irrevocably, unconditionally, and expressly releases, waives, acquits, and forever discharges the Released Parties from any and all claims, complaints, causes of action, liabilities, obligations, agreements, controversies, damages, suits, rights, costs, losses, debts, expenses, and demands of any kind (including attorneys' fees and costs actually incurred) of any nature whatsoever, whether known or unknown, suspected or unsuspected which Thrasher has, ever has had, or may have and which are based on acts or omissions which he knew or should have known about at the time of the signing of this Release. This FULL RELEASE AND WAIVER includes, without limitation and to the fullest extent permitted by law, all rights and claims arising under the following laws, as amended: Title VII of the Civil Rights Act; Civil Rights Act of 1866 (Section 1981); Lilly Ledbetter Fair Pay Act; Fair Credit Reporting Act; Labor Management Relations Act; Equal Pay Act; Americans with Disabilities Act; Fair Labor Standards Act; Family Medical Leave Act; Rehabilitation Act; Occupational Safety and Health Act and its state equivalent; Genetic Information Nondiscrimination Act; Pregnancy Discrimination Act; False Claims Act; Sarbanes-Oxley Act; Employment Retirement Income Security Act; National Labor Relations Act; Health Insurance Portability and Accountability Act; wage claims of all types, including, but not limited to, those for nonpayment, late payment, overtime, rest periods, meal periods, bonuses, deductions, wage statements, and/or penalties; wrongful termination in violation of public policy; the Indiana Civil Rights Law, Indiana State Wage Payment and Wage Claims Laws, wrongful termination in violation of public policy; unfair business practices; any other local, state, or federal statute, regulation, or ordinance; any contract, express or implied; any covenant of good faith and fair dealing, express or implied; any state or federal whistleblower statute or regulation; any tort; any legal restriction on Carvana's right to terminate Thrasher; and/or other common law or statutory causes of action he may now have, has had, or could have been alleged as of the date this Release is executed by Carvana. Thrasher understands that he is not releasing or giving up any claims for any events or actions that happen after he/she signs this Release.

(i) Thrasher promises and covenants not to sue the Released Parties on the basis of any claim released herein.

(ii) This Release includes any claims that Thrasher's spouse, agents, heirs, or assigns, if any, may have against the Released Parties arising from or in any

*/H/*; Employee's Initials

way related to Thrasher's work and/or employment with Carvana and/or the Released Parties.

(iii) It is understood and agreed that this is a full, complete and final general release of any and all claims, as described herein, and that Thrasher and Carvana agree that it shall apply to all unknown, unanticipated, unsuspected and undisclosed claims, demands, liabilities, actions or causes of action, in law, equity or otherwise, as well as those which are now known, anticipated, suspected or disclosed.

(iv) This Release does not apply to any claim Thrasher may have under the workers' compensation or unemployment compensation statutes or any other claim, which, as a matter of law, cannot be released by private agreement.

(1) This Release does not limit Thrasher's ability to communicate with any applicable government agencies or otherwise participate in any manner in any investigation or proceeding that may be conducted by any government agency. This Release is not intended to affect the rights and responsibilities of government agencies to enforce the laws within their jurisdiction, including but not limited to the Equal Employment Opportunity Commission ("**EEOC**"), the National Labor Relations Board ("**NLRB**"), the Occupational Safety and Health Administration ("**OSHA**"), the Indiana Occupational Safety and Health Administration ("**IOSHA**"), the Securities and Exchange Commission ("**SEC**"), the Indiana Civil Rights Commission ("**ICRC**"), or any other applicable local, state, or federal agency. This means that by signing this Release, Thrasher may still exercise his/his protected right to file an administrative charge with, or participate in an investigation or proceeding conducted by, a local, state, or federal government agency. However, if a government agency commences an investigation or other legal action against the Released Parties on Thrasher's behalf, Thrasher specifically waives and releases his/his right to recover monetary damages or other benefits or remedies of any sort whatsoever arising from the governmental action (including any legal action, agency charge, lawsuit, claim, proceeding, or investigation against the Released Parties). The aforementioned waiver of monetary damages and other benefits or remedies does not apply to the Securities Exchange Act of 1934 or the Dodd-Frank Wall Street Reform and Consumer Protection Act, if applicable. Thrasher acknowledges that this Release may be used by the Released Parties as a defense to any actions taken by Thrasher that may be in violation of this Release.

(v) Thrasher filed the action titled Aaron Thrasher v. Carvana, LLC in the United States District Court Southern District of Indiana, case number 1:20-

3

*AT*; Employee's Initials

cv-03263-JPH-DLP (the "Complaint"). Thrasher agrees that upon finalization of this agreement he will notify the Court that the matter has been resolved and move for the dismissal of the Complaint. Thrasher previously filed charge number 470-2020-02300 with the EEOC (the "Charge"). The EEOC has closed its file in the matter. Thrasher represents that he has not filed any other charge or complaint with, or participated in, an investigation or proceeding conducted by the ICRC, EEOC, NLRB, IOSHA/ OSHA, SEC or any other local, state, or federal government entity or agency. Thrasher specifically acknowledges and represents that he has already disclosed to the Company any and all information, if any, regarding any action or inaction that he reasonably believes, or believed to be, taken by the Released Parties and in violation of law. To the extent Thrasher has not made such disclosures to date, Thrasher represents such information, if any, does not or did not exist to disclose now or in the future.

3. **Confidentiality of Release:** The Parties agree to treat **all terms and conditions contained herein and all discussions leading up to this Release as strictly confidential** and will not **disclose them to anyone other than his (if applicable) respective attorneys, his spouse, his tax preparers, government agencies who have specifically requested a copy of this Release, to individuals necessary for the Company to effectuate payment, or as otherwise required by law ("Authorized Individuals").** Thrasher acknowledges and agrees that Carvana is a large corporation and that there are many employees within Carvana who have a need to know about this Release. Thrasher agrees that knowledge of this Release by those within Carvana who have a need to know about this Release is not a violation of this Section or this Agreement. The Parties agree they will not disclose or publish or cause to be disclosed or published the existence, amount of, or content of the terms of this Release, except to Authorized Individuals. If the Parties disclose any such information to Authorized Individuals, he/he will advise that person or entity of the terms of the confidentiality provision of this Release and require their consent to comply with that agreement, to the extent permissible by law. The confidentiality of the terms and conditions contained herein is part of the consideration inducing the Parties to enter into this Release. The Parties agree that this provision is a material provision to the Release, and that they would not have entered into this Release, but for the inclusion of this provision. Violation of this section will constitute a material breach of the Release and entitle the other Party to pursue all remedies at law including seeking damages (including but not limited to the amount paid pursuant to this Release) and injunctive relief without posting bond with a court of competent jurisdiction to restrain any further violations of this Release.

4. **Nondisparagement.** Thrasher covenants and agrees that he will not communicate any false and derogatory statements about the Released Parties in any manner whatsoever, including oral and/or written statements and comments on social networking, blogs, or internet websites.

5. **Neutral Reference.** Thrasher's employment from Carvana shall be designated as voluntary in Carvana's systems. Carvana shall provide a neutral reference for Thrasher regarding his employment upon request. Such reference shall include dates of employment and the title Thrasher held when employed by Carvana. No information shall be disclosed to prospective employers regarding Thrasher's employment beyond this neutral reference.

*AT*; Employee's Initials

6. **Return of Company Property.** Thrasher affirms that he has returned all Company property to the Company as of the date this Release is executed, including but not limited to files, documents, records, copies, confidential information, Company-provided credit cards, keys, uniforms, computer, and tools.

7. **Entire Release.** This Release constitutes the full and complete understanding of the Parties. There are no other agreements or representations, written or oral, pertaining to the subject matter hereof, and the Release supersedes any and all prior understandings, representations, warranties, and agreements between the parties pertaining to the subject matter hereof. The Parties may modify this Release only in a writing signed by all Parties.

8. **Acknowledgment.** Thrasher acknowledges and agrees that he has read this Release in full; that he has had reasonable time to consider its terms; that he has been advised to consult with an attorney regarding this Release; and that he has signed this Release without coercion and of his own free will, knowingly and voluntarily, understanding its terms, and understanding the final and binding effect of execution of this Release. Thrasher understands that this Release is a **FULL RELEASE AND WAIVER OF ALL CLAIMS** against the Released Parties.

9. **No Reapply.** Thrasher acknowledges that the relationship with the Company has been severed and, therefore, agrees not to apply for, seek employment, seek work, nor accept employment with, the Company or any of its affiliated companies. Thrasher further acknowledges he will not seek work as a consultant, independent contractor, or temporary worker with the Company.

9. **Assignment.** The rights and obligations of the Released Parties and/or Carvana shall inure to the benefit of their successors and assigns. Thrasher's rights and obligations under this Release may not be assigned by Thrasher without prior written consent by the CEO of Carvana. Thrasher affirms he has not assigned any of his/his rights or obligations under this Release as of the Effective Date.

10. **Governing Law and Jurisdiction.** The rights, obligations, and remedies, as specified under this Release, shall be interpreted and governed in all respects by the laws of the State of Indiana. The Parties agree that any action or proceeding initiated to enforce this Release shall be brought solely in the state or federal district court within Marion County in the State of Indiana, and the Parties hereby irrevocably submit to the exclusive jurisdiction of these courts. EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY WHICH MAY ARISE UNDER THIS RELEASE IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES AND, THEREFORE, EACH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT SUCH PARTY MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS RELEASE.

11. **Attorneys' Fees and Costs.** Both Parties will bear their own costs, attorneys' fees and other expenses incurred in connection with the preparation and/or review of this Release. Should Thrasher or the Released Parties (which specifically includes Carvana) employ an attorney to enforce any of the provisions of this Release, or to recover damages for the breach of any terms of this Release, the prevailing party shall be entitled to recover all reasonable costs, damages and

5

_____; Employee's Initials

expenses, including attorneys' fees incurred or expended in connection therewith. The phrase "**prevailing party**" shall mean the party who is determined in the proceeding to have prevailed or who prevails by dismissal, default, judgment, or otherwise.

12. **No Admission of Liability.** This Release is not to be construed as an admission of liability by the Released Parties. Thrasher agrees, admits, and acknowledges that no representation of fact or opinion has been made by any Released Party or such representative, either jointly, individually, or collectively, to induce this Release. Thrasher agrees that the Released Parties have not admitted liability or wrongdoing of any sort, and that the Released Parties have not made any representation as to liability or wrongdoing of any sort.

13. **Severability.** If any provision of this Release is held illegal, invalid, or unenforceable, such holding shall not affect any other provisions hereof. In the event that any provision is held illegal, invalid, or unenforceable, such provision shall be limited, deleted, or severed so as to affect the intent of the Parties to the fullest extent permitted by applicable law and the validity and enforceability of the remaining provisions shall not be affected.

14. **Cooperation**. The Parties agree to cooperate fully, execute any supplementary documents, and take all additional actions that might be necessary or appropriate to give full force and effect to the basic terms and intent of this Release.

15. **Counterparts.** This Release may be executed in counterparts, one or more of which may be facsimiles or PDFs, but all of which shall constitute one and the same Release.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

*AT*; Employee's Initials

EMPLOYEE HAS CAREFULLY READ THE FOREGOING RELEASE, HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY, KNOWS AND UNDERSTANDS THE CONTENTS OF THIS RELEASE, AND SIGNS THIS RELEASE VOLUNTARILY AND AGREES TO ABIDE BY ITS TERMS.

IN WITNESS WHEREOF, the Parties have hereby approved and executed this Release as of February 23rd, 2021 (the "Effective Date").

THRASHER

Signature: _/s/ Aaron Thrasher_

Printed Name: Aaron Thrasher

CARVANA, LLC

Signature: _/s/ Jen Bucki_

Printed Name: Jen Bucki

Title: Associate Director, People Ops

25836296

AT ; Employee's Initials